UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CURRIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0503 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

　　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, this action must be dismissed based on plaintiff's failure to first exhaust administrative remedies prior to filing the instant action.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

II. Plaintiff's Allegations

Since December of 2011, plaintiff has been housed at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 13.) He names fourteen defendants: Gavin Newsom, Governor; Jerry Brown, Ex-Governor; Joe Lizarraga, Warden, MCSP; Scott Kernan, Deputy Director, California Department of Corrections and Rehabilitation ("CDCR"); Ralph M. Diaz, Deputy Director, CDCR; Diana Touche, Secretary of Health Care, CDCR; Connie Gipson, Deputy Director of Facility Operation, CDCR; Terry Bettercourt, Regional Facilities Manager, CDCR; Tamir Ahmed, Associate Director, CDCR; Gregory Larrabee, Environmental and Regulatory Compliance; Harold Hold, Supervisor, and Andrew Altevogt, Assistant Executive Officer, Central Valley Regional Water Quality Control Board; and the City of Ione and the County of Amador. Plaintiff alleges that he has suffered "grievous injury" from being forced to consume and bathe in MCSP water which is contaminated with industrial and human waste. (ECF No. 1 at 6.) Plaintiff alleges violations of his Eighth Amendment right to clean drinking water and his Fourteenth Amendment right to equal protection. Plaintiff seeks, *inter alia*, money damages, and a governor's pardon or commutation of sentence.

////

Plaintiff adds, "Under 8547 Whistle Blower's Act a plaintiff need not exhaust administrative remedies to file a suit. California State Auditor Case No. 12019-1462." (ECF No. 1 at 6, 14.)

III. Discussion

It is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to bringing this action because he concedes that he did not. (ECF No. 1 at 6, 14.) Rather, plaintiff contends that he is not required to exhaust his administrative remedies because he is a whistleblower under California Government Code § 8547.[1]

Plaintiff's claims challenging his conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). The Supreme Court has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to take into account "special" circumstances. Ross v. Blake, 136 S. Ct. 1850 (2016).

An action is subject to dismissal and plaintiff may not proceed in this action if he has not exhausted his administrative remedies prior to filing suit. See, e.g., Albino, 747 F.3d at 1162 (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Bennett, 293 F.3d at 1098; Medina v. Sacramento Cty. Sheriff's Dep't, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim.") Regardless of the relief sought, a prisoner must exhaust administrative remedies before filing in federal court. Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross, 136 S. Ct.

---

[1] Plaintiff also cites Bureau of State Audits, Case No. 12019-1462, but it is unclear to what plaintiff refers. In any event, any action by the California Bureau of State Audits would not excuse plaintiff from the federal exhaustion requirements of the PLRA.

at 1857, 1859. In other words, exhaustion is a precondition to suit; exhaustion while the action is pending is insufficient. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). This requirement promotes the PLRA's goal of efficiency by: "(1) 'giv[ing] prisoners an effective incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some prisoners are 'persuaded by the proceedings not to file an action in federal court'; and (3) improving the quality of any remaining prisoner suits 'because proper exhaustion often results in the creation of an administrative record that is helpful to the court.'" Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. at 94-95).

The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017) (citing Nunez v. Duncan, 591 F.3d at 1226). In Ross, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted). Andres, 867 F.3d at 1078. However, the Supreme Court also reinforced the exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

Ross, 136 S. Ct. at 1856 (internal citations omitted).

Here, plaintiff's reliance on a state statute is unavailing. California Government Code Section 8547, California's Whistleblower Statute, is a state statute and only governs state employees who are whistleblowing.[2] Plaintiff is a state prisoner and not a state employee.

---

[2] "An employee may not directly or indirectly use or attempt to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the rights conferred pursuant to this article." Cal. Gov't Code § 8547.3(a). "'Employee' means an individual appointed by the Governor, or employed or holding office in a state agency . . . including, . . . an employee of the California State University, or an individual appointed by the Legislature to a state board or commission and who is not a Member or employee of the

Moreover, as a federal district court, this court is bound to follow the United States Supreme Court's holding that the exhaustion of administrative remedies may not be excused, even for special circumstances. Thus, to the extent plaintiff contends his situation constitutes "special" circumstances, such circumstances do not excuse his failure to exhaust administrative remedies prior to filing this action.

Because it is clear from the face of plaintiff's complaint that plaintiff did not exhaust his administrative remedies based on his erroneous belief he was excused under California's Whistleblower Statute, it would be futile to grant plaintiff leave to amend. Plaintiff must administratively exhaust his claims before again bringing such claims before this court in a civil rights action. The undersigned recommends dismissal of the complaint without leave to amend, but dismisses the action without prejudice to plaintiff filing a new civil rights complaint once he has exhausted his administrative remedies.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

Legislature. In addition, "employee" means a person employed by the Supreme Court, a court of appeal, a superior court, or the Administrative Office of the Courts . . . . 'Employee' includes a former employee who met the criteria of this subdivision during his or her employment." Cal. Gov't Code § 8547.2(a).

| | |
|---|---|
| 1 | with the court and serve a copy on all parties. Such a document should be captioned |
| 2 | "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that |
| 3 | failure to file objections within the specified time may waive the right to appeal the District |
| 4 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 5 | Dated: April 8, 2020 |

/curr0503.fte.sua

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE