UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CURRIE, | No. 2:20-cv-0503 KJM KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 8, 2020, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff timely filed objections to the findings and recommendations. ECF No. 11.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case, including a careful review of petitioner's objections to the magistrate judge's findings and recommendations.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis, as explained below.

In his objections, plaintiff clarifies he is pursuing a whistleblower complaint in Case No. 12019-1462, currently under investigation by the California Bureau of State Audits. Plaintiff agrees that in this action, in which he challenges the conditions of his confinement under the Eighth and Fourteenth Amendments, plaintiff relies on California Government Code § 8547, California's Whistleblower Statute, for his statement that he was not required to exhaust administrative remedies. ECF No. 11 at 2. But plaintiff claims it was error for the magistrate judge not to apply a federal Whistleblower Protection Act enacted by the U.S. Congress, which plaintiff claims was the genesis of the California whistleblowing statute. Plaintiff does not identify the federal act with a statutory citation. Plaintiff further argues he does not have to be an employee to seek protection under either whistleblowing statute, but provides no specific case or statute citation, other than the state statutory section 8547, to support his argument.[1]

Notwithstanding his objections, plaintiff provides no persuasive or binding legal authority for his view that he is exempt from the Prison Litigation Reform Act ("PLRA") requirement that he must first exhaust his administrative remedies prior to raising conditions of confinement claims. 42 U.S.C. § 1997e(a). Congress's mandate of exhaustion has been acknowledged and enforced by the United States Supreme Court on multiple occasions. *Ross v. Blake*, 136 S. Ct. 1850 (2016) (holding inmate "must exhaust available remedies, but need not exhaust unavailable ones"); *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) ("The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983," quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). Here, plaintiff did check a box in Section D.5 of his original complaint that said there were no administrative remedies available at his institution. ECF No. 1 at 6. But in explaining why he did not appeal, he states only in conclusory fashion that under California's whistleblower statute, a "plaintiff need not exhaust administrative remedies," *id.,* without

/////

---

[1] Plaintiff cites 42 U.S.C. § 1915(g) and *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). However, these authorities do not apply in this context because plaintiff has not been found to be three-strikes barred under § 1915(g) by filing three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.

supporting authority. In his objections, petitioner does not argue further appeals were unavailable to him. *See generally* ECF No. 11.

Petitioner also requests he be appointed counsel, as he says is his right under the Whistleblower Act. ECF No. 11 at 1-2. But petitioner points to no authority supporting that assertion, and the court is not aware of any either.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 8, 2020, ECF No. 8, are adopted in full; and

2. This action is dismissed without prejudice.

DATED: November 30, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

/curr0503.804r

3